IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LATODD DETRAY ALEXANDER, § | |
| #58348-177, § | |
| Movant, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-1990-K |
| § | (CRIMINAL NO. 3:19-CR-78-K-1) |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant LaTodd Detray Alexander's ("Alexander's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

**I.   BACKGROUND**

In 2019 Alexander pleaded guilty, pursuant to a plea agreement, to production of child pornography. In 2021, the court sentenced him to 286 months, well below the 360-month guideline term of imprisonment. Crim. Doc. 60. Alexander's direct criminal appeal was later dismissed because the appeal waiver barred his claim. Crim. Doc. 68.

Alexander then filed this timely § 2255 motion. Doc. 1. He asserts his sentence was substantively unreasonable and his attorney was ineffective. Doc. 1 at 4-8. The Government opposes § 2255 relief. Doc. 8. To date, Alexander has not filed a reply.

After review of all pleadings and the applicable law, the court concludes that Alexander's claims have no merit. The § 2255 motion should therefore be denied.

## II. ANALYSIS

### A. Substantively Unreasonable Sentence

Alexander asserts that his sentence is "substantively unreasonable" because the court did not sufficiently consider the mitigating factors at his sentencing, including his "remorse, sexually abusive childhood, stable employment, acceptance of responsibility and low recidivism." Doc. 1 at 4. He is wrong. The court was well aware of the mitigating factors. Indeed, before sentencing, defense counsel filed a lengthy motion for a downward variance detailing the mitigating factors and the Government objected. Crim. Doc. 44; Crim. Doc. 47. Then, at the sentencing hearing, the court invited defense counsel to "go right into what you have that's in mitigation" and counsel re-emphasized each of the mitigating factors. Crim. Doc. 64 at 8-28. Because the record conclusively shows that the court was mindful of the mitigating factors and considered them, Alexander's assertion, which consists only of unsupported generalizations, fails.

### B. Ineffective Assistance of Counsel

Alexander also contends that his counsel was ineffective. To succeed on an ineffective-assistance-of-counsel claim, the movant must demonstrate that counsel's

performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Moreover, to prove prejudice in the sentencing context, the movant must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Alexander contends that counsel rendered ineffective assistance in failing to investigate and object to an enhancement under 18 U.S.C. § 3559(e) and to the application of a five-level pattern-of-conduct enhancement. Doc. 1 at 5, 8. First, the court did not impose any enhancement under 18 U.S.C. § 3559(e), as the Government aptly notes. Second, the record confirms that the five-level pattern-of-conduct enhancement in USSG § 4B1.5(b) was proper because Alexander engaged in more than two known instances of prohibited sexual conduct with a minor. *See* Presentence Report (PSR) ¶¶ 8, 12, Crim. Doc. 32-1; Gov't Resp. to Sentencing Mem., Crim. Doc. 47 at 2-6. *See also* USSG § 4B1.5 comment n.4(B)(i) (the enhancement applies when a defendant is convicted of a covered sex crime, such as production of child pornography, and "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor"). Thus, Alexander's counsel cannot be considered ineffective for failing to make meritless objections. *See*

*United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance).

Relatedly, Alexander alleges that his attorney failed to investigate whether the § 4B1.5 enhancement was proper and to advise him of the enhancement's application before he pleaded guilty. Doc. 1 at 5. He also asserts that counsel was ineffective in failing to identify any guideline-calculation error. Doc. 1 at 6. Both assertions are vague and conclusory and, thus insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claims). Alexander does not allege, much less show, what further investigation would have revealed or how knowing about the five-level enhancement would have influenced his guilty plea. Nor does he identify any conceivable error in the guideline calculation. The court therefore rejects these fatally vague claims.

### III. CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed February 20th, 2024.

_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE